IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:16-cv-00851-DDD-GPG

ESTATE OF TOMAS BEAUFORD, and
TIFFANY MARSH, personally and as representative of the Estate of Tomas Beauford,

    Plaintiffs,

v.

CORRECT CARE SOLUTIONS, LLC,
CORRECTIONAL HEALTHCARE COMPANIES, INC.,
CORRECTIONAL HEALTHCARE PHYSICIANS, P.C.,
CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,
NURSE RENEE WORKMAN,
NURSE VELDA HAVENS,
NURSE AUDRA KEENAN,
NURSE JEANNE "ANNMARIE" SCHANS,
MICHAEL LEFEBRE, in his individual capacity, and
DR. KURT HOLMES, in his individual capacity,

    Defendants.

**ORDER**

Overnight on April 15 to 16, 2014, Plaintiff Thomas Beauford died from a seizure in the Mesa County Detention Facility. Doc. 220 at 1. His estate brought this suit for various constitutional violations, violation of the Americans with Disabilities Act, and for medical negligence against officials of Mesa County, Colorado ("Mesa County Defendants"), as well as entities and individuals contracted to run the Detention Facility ("CHC Defendants"). *See id.* at 2 n.1 & n.2. On the Defendants' motions, the court granted summary judgment on Plaintiffs' constitutional claims (Plaintiffs' first and second claims for relief) and their discrimination claim (Plaintiffs' fourth claim for relief), and denied summary judgment

- 1 -

on the claim of medical negligence against CHC Defendant Nurse Havens.[1] *Id.*; *see also* Doc. 228. After the court's ruling on the motions for summary judgment, the only claim remaining is the claim for medical negligence against certain CHC Defendants.

Now before the court are Plaintiffs' motions (1) to direct final judgment on Plaintiffs' first, second, and fourth claims for relief under Federal Rule of Civil Procedure 54(b) (Doc. 235); and (2) Plaintiffs' motion to amend their complaint to assert a punitive damages remedy (Doc. 229). For the following reasons, the court grants Plaintiffs' Rule 54(b) motion and denies Plaintiffs' motion to amend.

### I. Motion to Certify Judgment

In cases involving multiple claims, Federal Rule of Civil Procedure 54(b) provides an exception to the rule that appeal of a district court's decision only may occur after final judgment:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[1] Only Nurse Havens moved for summary judgment on the claim of medical negligence. Thus, contrary to the assertions of the Mesa County Defendants, the claim for medical negligence remains live against certain entity and individual CHC Defendants, including Nurse Havens—*i.e.* those Defendants against whom the claim is asserted in the Third Amended Complaint.

Fed. R. Civ. Proc. 54(b). Because Rule 54(b) creates an exception to the rule against piecemeal appeals, the Tenth Circuit has reminded us in the lower courts that we "should be reluctant" to grant a Rule 54(b) motion. *Gas–A–Car, Inc. v. Am. Petrofina, Inc.,* 484 F.2d 1102, 1105 (10th Cir. 1973). "Rule 54(b) establishes three prerequisites for appeal of a separate final judgment on fewer than all claims in a lawsuit: (1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005).

Plaintiffs seek Rule 54(b) certification of the court's judgment on their first, second, and fourth claims for relief, which respectively allege violation of Mr. Beauford's Fourteenth Amendment right to medical care against the individual Defendants, *Monell* liability against the entity Mesa County and CHC Defendants, and violation of the Americans with Disabilities Act against all Defendants. *See* Doc. 42. The parties agree that the first prerequisite for Rule 54(b) certification is present: this case involves multiple claims. The remaining prerequisites, however, are in dispute.

"To be final for purposes of Rule 54(b), an order must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Jordan*, 425 F.3d at 826 (internal quotation marks and citation omitted). The key question is whether Plaintiffs' first, second, and fourth claims are "distinct and separable" from the remaining claim for medical negligence. *Id.* A "claim" under Rule 54(b) "comprises all factually or legally connected elements of a case." *Id.* (internal quotation marks and citations omitted). Unfortunately, however, "there is no bright-line rule to distinguish multiple claims, which may be appealed separately, from multiple legal grounds in a single claim, which may not." *Id.* "This distinction is based largely

on practical concerns, particularly the question whether a subsequent appeal of the claims before the district court will require the court of appeals to revisit the same issues decided in the first appeal." *Id.* If the court of appeals will have to retread the same ground in subsequent piecemeal appeals, then the claims are not separable and distinct. *Id.*

The court concludes that Plaintiffs' first, second, and fourth claims for relief are separable and distinct from Plaintiffs' remaining claim of medical negligence. While the factual issues significantly overlap, the legal issues that the court of appeals might confront do not. As the court made clear in its order on Defendants' motions for summary judgment, Plaintiffs' constitutional claims involve distinct—and heightened—legal and evidentiary standards than Plaintiffs' negligence claim. Indeed, appeal of the constitutional claims will likely turn on the unique framework for evaluating constitutional violations, especially the doctrine of qualified immunity, not reasonableness and proximate cause. *See* Doc. 228 at 29. So too with the ADA claim. Whether Defendants violated the ADA entails factual and legal determinations unique to the discrimination context, *e.g.*, whether Defendants discriminated against Mr. Beauford on the basis of his disability. *See* Doc. 228 at 38–39. This conclusion is bolstered, moreover, by the fact that the court's order wholly terminates a number of the Defendants initially involved in the case. *See* Wright & Miller, § 2715 Appealability of a Grant or Denial of Summary Judgment, 10A Fed. Prac. & Proc. Civ. § 2715 n.8 (4th ed. 2020) (collecting cases holding orders granting summary judgment in part are final for purposes of Rule 54(b) when they wholly terminate select defendants). The court's order granting judgment in favor of Defendants on Plaintiffs' first, second, and fourth claims for relief is thus final for purposes of Rule 54(b).

The court likewise concludes that there is no just reason of delay. "In deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). A court may consider factors like "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* As explained, both factors are present here. The first, second, and fourth claims are separable from the negligence claim. And any appeal of the former will likely turn on issues specific to those claims, and not relevant to the claim of medical negligence. The court finds, moreover, that certification serves judicial economy here. Likely the simplest way to handle this case is to finally resolve whether Plaintiffs have triable constitutional and statutory claims.

The Mesa County Defendants argue that Plaintiffs' Rule 54(b) motion is untimely. But the text of Rule 54(b) imposes no time limit in which a motion for certification must be filed. The Mesa County Defendants rely on non-binding cases from the Seventh Circuit and several federal district courts holding that Rule 54(b) motions must be filed within a certain time after disposition of the claims the movant seeks to appeal, Doc. 240 at 2–3, but those decisions are based on policy considerations and not the Rule's text. The court will not follow them.

The Mesa County Defendants also argue that court should deny certification on the ground that Plaintiffs failed to confer with them as required by District of Colorado Local Civil Rule 7.1. Doc. 240 at 6. Although the text of Rule 7.1 isn't clear whether a movant must confer with a terminated Defendant, such as the Mesa County Defendants,

- 5 -

Plaintiffs likely should've conferred with Mesa County Defendants—at least as a matter of comity. This is because Plaintiffs' Rule 54(b) motion concerns the Mesa County Defendants as much as the remaining Defendants in the case. Still, the court does not view the failure to confer as adequate basis to deny Plaintiffs' motion.

## II. Motion to Amend

After a scheduling order deadline has passed, as it has here, a party seeking leave to amend their complaint "must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Rule 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). And the pertinent provision of Rule 15 provides, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2).

Of the two, Rule 16 provides the more stringent standard. It requires the movant to show it could not meet scheduling deadlines "despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (alteration adopted). "In making this determination, the factor on which courts are most likely to focus is the relative diligence of the [party] who seeks the change." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (alterations adopted). "Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.* (alterations adopted).

Rule 15(a)(2), by contrast, imposes a liberal standard. Leave to amend under 15 should be freely given absent evidence of undue delay, bad faith, or other dilatory conduct. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Failing to satisfy either Rule 16 or Rule 15 is sufficient to deny a motion for leave to amend.

Plaintiffs move for leave to file an amended complaint to assert a state-law remedy of punitive damages for their remaining claim of negligence. Doc. 229. Under Colorado Law, "a claim for exemplary damages . . . may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes prima facie proof of a triable issue." Colo. Rev. Stat. § 13-21-102 (1.5); *see also* Colo. Rev. Stat. § 13-64-302.5(3) (A claim for punitive damages against a healthcare professional "may be asserted by amendment to the pleadings only after the substantial completion of discovery and only after the plaintiff establishes prima facie proof of a triable issue."). "Where the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements of section 13–21–102 are met." *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005).

Plaintiffs are not entitled to add a remedy of punitive damages because they waited more than three-and-a-half years after the deadline to amend pleadings, Doc. 34 at 32, three years after the exchange of initial disclosures, Doc. 233 at 3, twenty-one months after the close of fact discovery, and seventeen months after the close of expert discovery to file its motion to amend. *See* Docs. 162, 229. Plaintiffs offer no reason why they failed to move to amend earlier. They instead argue that Colorado law requires a plaintiff to assert punitive damages after initial disclosures and after plaintiffs have adduced *prima facie* evidence of a triable issue of punitive damages. True, but beside the point. Plaintiffs

argued in their September 2019 opposition briefs to Defendants' motions for summary judgment that Plaintiffs had adduced evidence that Defendants' conduct was objectively reckless. *See* Doc. 199 at 28; Doc. 200 at 12. Objective recklessness is the standard governing entitlement to punitive damages. *Coors*, 112 P.3d at 66. At the latest, then, Plaintiffs should have known by September 2019 that an amendment to add state-law punitive damages was necessary. Yet they waited more than twelve months after they filed their response briefs to seek amendment.

The Tenth Circuit has held that, absent good cause, seeking an amendment to a scheduling order nine months after the pertinent deadline has passed fails Rule 16(b)'s diligence test. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019); *see also Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 471 (5th Cir. 2009) (denial of Rule 16(b)(4) motion proper where movant offered no explanation for waiting twenty-eight months after the close of fact discovery to move to file an amended complaint); *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007)(denial of Rule 16(b)(4) motion proper where movant waited three months after the relevant scheduling deadlines to seek amendment of scheduling order in seven-year-old litigation). Here, Plaintiffs have offered no explanation why they couldn't have asserted their request for state-law punitive damages at any number of junctures in this case, all of which are far beyond nine months in *Tesone*. The court thus denies Plaintiffs' motion to amend the scheduling order.

## CONCLUSION

The court **GRANTS** Plaintiffs' Rule 54(b) motion (Doc. 235) for certification, and directs the clerk of court to certify judgment on Plaintiffs' first, second, and fourth claims for relief.

The court **DENIES** Plaintiffs' motion (Doc. 229) to amend the scheduling order and the complaint to add a remedy of state-law punitive damages.

DATED: January 5, 2021.         BY THE COURT:

                                Hon. Daniel D. Domenico